IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------------X

ALISAN FINE ART CO. LTD.

                        Plaintiff,

                                                                                                 Civil Action No.: 1:23-cv-15350

     -against-

THE ENTITIES Listed on EXHIBIT 1

                        Defendants.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

                                                       Jacob Chen, Esq.
                                                       DGW Kramer LLP
                                                       One Rockefeller Plaza, Suite 1060
                                                       New York, NY10020

Defendants contributioy.com (22), fortcolory.com (32), and theoleonspot.com (29) (collectively "Defendants") by and through their attorneys Jacob Chen and DGW Kramer LLP, respectfully submit this memorandum of law in support of Plaintiffs' motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiff presents this case as a run of the mill, routine trademark counterfeiting and infringement action, when in reality it is nothing but the business practices of a trademark troll. Plaintiff is the recent purchaser of multiple, unrelated trademarks, with no intent to use any of them in commerce, but to generate revenue through the filing of lawsuits without any pre-suit efforts at resolution. These bad-faith lawsuits impose an extraordinary burden on the judicial system, seeking to profit from a trademark Plaintiff has no interest in safeguarding, and for these reasons, the Court should consider a dismissal of the entire action.

*In addition,* Defendants seek dismissal of this action also for lack of personal jurisdiction. Of the three defendant entities, fortcolory.com (32) and theoleonspot.com (29) have had only one sale each in the entire United States, which appears to have been placed by Plaintiff. Thus, these entities are not subject to personal jurisdiction of this Court.

### I. PLAINTIFF IS A TRADEMARK TROLL

Attached as Exhibit A records from the USPTO showing Plaintiff's acquisition of four unrelated trademarks from August to October 2023. These trademarks all originated from different individuals, and are for goods ranging from cosmetics to model trains, to carnival masks, to condoms, to surgical instruments.

This instant litigation, as to and concerning Defendants, involve only the Stovis trademark. Plaintiff alleges in Paragraph 13 of the Complaint that they have "been using the

1

Marks for many years in connection with the advertising and sale of products in interstate and foreign commerce." Plaintiff alleges in Paragraph 16 that it had "expended substantial time, money and other resources developing, advertising and otherwise promoting the Marks."

None of this is true.

The USPTO records reveal that Plaintiff acquired the mark **September 14, 2023**. Plaintiff commenced this litigation **October 26, 2023**.

Recent empirical studies show that the feel of intellectual property is being increasingly overtaken by trolls, or plaintiffs who are "more focused on the business of litigation than on selling a product or service." *Malibu Media, LLC v Doe*, 2015 US Dist LEXIS 87751, at *4 (SDNY July 6, 2015); *see also Carhart v Carhart-Halaska Intl., LLC*, 788 F3d 687, 691 (7th Cir 2015) ("Today 'trolldom'—the seeking of financial advantage by buying or otherwise obtaining a legal claim (as distinct from filing a legal claim in order to seek redress for injury)—thrives. The commonest example of a law troll is the patent troll, who acquires by purchase or application to the Patent and Trademark Office a patent that he uses not to protect an invention but to obtain a license fee from, or legal judgment against, an alleged infringer.") In *GS Holistic, LLC v Vaportoke Inc.*, 2023 US Dist LEXIS 179632, at *1 (D Colo Aug. 22, 2023, Civil Action No. 23-cv-01513-RMR-NRN), the District Court noted that "(t)he filing of fifty-plus nearly identical copy-cat lawsuits (all by a single lawyer), presumably without any pre-suit effort at resolution, imposes an extraordinary burden on the judicial system and raises legitimate questions about whether the lawsuits are being brought in good faith or are, instead, a means of litigation blackmail filed by a trademark 'troll.'" *Id*.

Defendants assert that this action should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6). Contrary to the pleadings in the Complaint, the USPTO records show that Plaintiffs had barely just acquired the marks in question. One of the five elements of a Lanham Act claim is that "the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Hytera Communications Corp. Ltd. v Motorola Solutions, Inc.*, 623 F Supp 3d 857, 886, n 4 (ND Ill 2022). Plaintiff, as a trademark troll, has no interest in the sale of its products, or the "loss of goodwill" associated with its products. In fact, the *more* allegedly infringing sale of goods experienced, the better Plaintiff's business. Plaintiff has no interest in or worries about the diversion of sales and its *only interest* is in maximizing its financial interests through the business of litigation, and at the expense of the limited resources of the judicial system.

For this reason, Plaintiff has failed to plead a cause of action for violation of the Lanham Act or any related statute.

## II. FORTCOLORY.COM (32) AND THEOLEONSPOT.COM (29) EACH HAVE ONLY ONE SALE IN ILLINOIS

Attached as Exhibit B are sales records for the Defendants.

Pursuant to said records, Defendants fortcolory.com (32) and theoleonspot.com (29) each have only *one* sale in Illinois, with that one sale also being their one sale in the United States.

Fed. R. Civ. P. 12(b)(2) allows for dismissal of a complaint for lack of personal jurisdiction. While a plaintiff is not required to anticipate a personal jurisdiction challenge in the complaint, "once challenged, the plaintiff bears the burden of demonstrating personal jurisdiction." *Chenyan v. P'ships & Unincorporated Associations Identified on Schedule "A"*,

3

No. 20 cv 00221, 2021 U.S. Dist. LEXIS 86934, at *5 (N.D. Ill. May 6, 2021). "When a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Shanahan v. National Auto Protection Corp.*, No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031, at *4 (N.D. Ill. June 9, 2020).

In *Magenav, Inc. v Sevensellers, Inc.*, 2022 US Dist LEXIS 43083, at *5 (ND Ill Mar. 10, 2022, No. 21 C 1742), this Court held that "One sale in Illinois simply does not show that Defendants targeted Illinois customers. Certainly, operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur. But this is an inescapable fact of operating a generally accessible website. And the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." Similarly in *Hangzhou Chic Intelligent Tech. Co. v P'ship & Unincorporated Ass'n Identified on Schedule "A"*, 2022 US Dist LEXIS 109380, at *8 (ND Ill June 21, 2022, No. 20 C 4806), this Court also granted defendant's motion to dismiss for lack of personal jurisdiction because there was only evidence of one sale of the allegedly infringing product in Illinois. *See also Seven Oaks Millwork Inc. v. Royal Foam US, LLC,* 2019 U.S. Dist. LEXIS 214721, 2019 WL 6827641, at *4 (N.D. Ill. Dec. 13, 2019)*; Original Creations, Inc. v. Ready Am., Inc.,* 836 F. Supp. 2d 711, 716 (N.D. Ill. 2011).

For these reasons, the case as to and against Defendants fortcolory.com (32) and theoleonspot.com (29) should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**CONCLUSION**

For these reasons, Defendants respectfully ask that the Court to dismiss the action against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6) and for dismissal against Defendants fortcolory.com (32) and theoleonspot.com (29) pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: New York, New York
January 16, 2024

                                       Respectfully Submitted,

                                       By: /s/ Jacob Chen
                                              Jacob Chen, Esq.
                                          DGW KRAMER LLP
                                          One Rockefeller Plaza; Suite 1060;
                                          New York, NY 10020
                                          Tel: (917) 983-2806
                                          Fax: (917) 633-6183
                                          Email: jchen@dgwllp.com

*Attorneys for Defendants contributioy.com (22), fortcolory.com (32), and theoleonspot.com (29)*